Jonathan A. Dessaules, Arizona Bar No. 019439
Jesse Vassallo López, Arizona Bar No. 033961
**DESSAULES LAW GROUP**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
jvassallo@dessauleslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandra J. Arenas Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Sean Cannon and Cannon Law Firm, PLLC,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff Alejandra J. Arenas Rodriguez alleges the following:

**PARTIES AND JURISDICTION**

1. Plaintiff is a resident of Arizona.

2. Defendant Sean Cannon is an Arizona resident and practicing attorney who is regularly engaged as a "debt collector" as defined in the Fair Debt Collection Practices Act.

3. Defendant Cannon Law Firm, PLLC, is an Arizona law firm regularly engaged as a "debt collector" as defined in the Fair Debt Collection Practices Act.

4. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

5. At all relevant times, Plaintiff was a "consumer" within the meaning of the FDCPA and Defendants were "debt collectors" within the meaning of the FDCPA.

6. Defendants are present in Arizona and/or caused events to occur and committed actions in Maricopa County, Arizona, which are the subject of this Complaint.

7. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and venue is proper in this Court.

## GENERAL ALLEGATIONS

8. Plaintiff at all relevant times has owned and resided in a single-family residential property (the "Property") located within the Cambridge Estates Homeowners' Association (the "Association").

9. The Association is a non-profit corporation that is subject to the Arizona Planned Communities Act.

10. Defendants at all times relevant hereto were acting as a debt collector with respect to alleged homeowners assessments and other amounts that Plaintiff purportedly owed to the Association.

11. On or about May 21, 2020, Defendants filed a Complaint in the Maricopa County Superior Court against Plaintiff, in an action entitled *Cambridge Estates Homeowners Association v. Alejandra J. Arenas-Rodriguez et al.*, Maricopa County Case No. CV2020-006028 (the "Complaint"), to collect alleged unpaid assessments and other charges and to foreclose on the Property. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

12. The Complaint contains false, deceptive, and misleading representations concerning the amount and nature of the alleged debt. Specifically, but without limitation, Plaintiff falsely stated in the Complaint that Plaintiff owed the "principal sum in the amount of $5,160.00."

13. According to the Cambridge Estates Account Ledger for Plaintiff's property, at the time the Complaint was filed, the amount Plaintiff owed the Association was that of $2,330.00. A true and accurate copy of the Cambridge Estate Account Ledger for 12217 West Cocopah Street is attached hereto as Exhibit 2.

14. Defendants inflated the balance an additional $2,830.00 with improper charges and unawarded attorneys' fees to force Plaintiff into paying additional monies that she did not owe the Association.

15. Even more egregious, after filing the Complaint Defendants offered Plaintiff a settlement arrangement that consisted of payments totaling over $9,000.00. That is over $7,000.00 more than what Plaintiff owed the Association. Notably missing from the settlement offer is any accounting justifying the $9,000.00 plus settlement offer provided by Defendants. A copy of the settlement offer sent by Defendants to Plaintiff is attached hereto as Exhibit 3.

16. Defendants were aware that the amount stated in the Complaint and settlement offer were not true and accurate and did so for an improper purpose and an attempt to coerce Plaintiff to pay sums that were not due under the threat of foreclosure.

17. Defendants filed a "Withdrawal of Complaint" immediately after Plaintiff's counsel filed their "Notice of Appearance" and abandoned the case. A true and correct copy of the Withdrawal of Complaint is attached as Exhibit 4.

18. The case is still pending with the Maricopa Superior Court; however, Defendants have failed to prosecute the case after the "Withdrawal of Complaint" was filed.

## COUNT ONE
## VIOLATION OF 15 U.S.C. § 1692e

19. Plaintiff incorporates the above allegations as if set forth fully herein.

20. Congress enacted the FDCPA after a congressional finding of abundant evidence of the use of abusive, deceptive, and unfair debt collection practices on the part of many debt collectors contributed to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of personal privacy. The FDCPA generally prohibits a debt collector from using misleading, deceptive, or false representations in the collection of debts. It further prohibits the use of unfair or unconscionable means to collect debts, including the attempt to collect debts to which the debt collector is not legally entitled to collect.

21. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt. These false, deceptive, and misleading misrepresentations and means include, but are not limited to, false representations regarding the character, amount, or legal status of any debt and any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

22. As alleged above, Defendants have used false, deceptive, and misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e. Specifically, but without limitation, Defendants have falsely represented the existence, character, and amount of a debt in the Complaint and the settlement offer.

23. Defendants knew or should have known that their communications to Plaintiff, the Complaint, and settlement offer, including but not limited those alleged above, contained false, deceptive, and misleading representations or omissions.

24. Plaintiff is entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as her attorneys' fees and costs incurred pursuing this action.

25. Plaintiff's damages include statutory damages, the attorneys' fees and costs that she has incurred, her actual damages for the stress, aggravation and anxiety she has suffered, and other damages to which she is entitled by law.

## COUNT TWO
### VIOLATION OF 15 U.S.C. § 1692f

26. Plaintiff incorporates all of the above allegations as if set forth fully herein.

27. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

28. As alleged above, Defendants have used unfair and unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f for the conduct alleged above. Specifically, but without limitation, Defendants' unfair and unconscionable means include unilaterally imposing

4

and collecting unadjudicated and unawarded attorneys' fees, and attempting to collect on an amount not expressly authorized by the agreement creating the debt or permitted by law.

29. Plaintiff is entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as her attorneys' fees and costs incurred pursuing this action.

30. Plaintiff's damages include statutory damages, the attorneys' fees and costs that she has incurred, her actual damages for the stress, aggravation and anxiety she has suffered, and other damages to which she is entitled by law.

**JURY TRIAL DEMAND**

31. Plaintiff requests a jury trial on all claims.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(A) Awarding Plaintiff actual damages in an amount to be proven at trial;

(B) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(2)(A);

(C) Awarding Plaintiff punitive damages in an amount to be proven at trial;

(D) Awarding Plaintiff her attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(3);

(E) Awarding Plaintiff pre-judgment and post-judgment interest; and

(F) Awarding such other and further relief as the Court deems just and proper.

DATED this 1st day of March 2021.

                                              DESSAULES LAW GROUP

                                              By: /s/ Jesse Vassallo López
                                                   Jonathan A. Dessaules
                                                   Jesse Vassallo López
                                                   *Attorneys for Plaintiff*