Jonathan A. Dessaules, Arizona Bar No. 019439
Jesse Vassallo López, Arizona Bar No. 033961
**DESSAULES LAW GROUP**
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
jvassallo@dessauleslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandra J. Arenas Rodriguez,<br><br>Plaintiff,<br><br>vs.<br><br>Sean Cannon and Cannon Law Firm, PLLC,<br><br>Defendants. | No. 2:21-cv-00358-PHX-SRB<br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

## MOTION

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Alejandra J. Arenas Rodriguez requests the Court enter default judgment against Defendants Sean Cannon and Cannon Law Firm, PLLC. Plaintiff requests entry of default judgment against Defendants in the amount of $1,512.45 and statutory damages of $1,000.00 as well as an award of costs and reasonable attorneys' fees upon a later application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Procedural Background

This is an action by a consumer under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, against a lawyer acting as a debt collector and his law firm. The Complaint (Doc. 1) was filed on March 1, 2021. The Defendants executed an Acceptance of Service of Process on May 7, 2021, and the same was filed on May 10, 2021 (Doc. 9). No response

or answer was filed and Plaintiff filed an Application and Affidavit for Entry of Default on June 3, 2021 (Doc. 11). The Clerk of Court entered default on June 4, 2021 (Doc.'s 13 and 14).

## Argument

### I. THE GOVERNING LEGAL STANDARDS.

An entry of default by the clerk bars the defaulted party from contesting the well-pled allegations in the complaint. *E.g., Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The exception to taking those well-pled allegations as true is for damages. *Id.* A hearing on damages is not required if "the amount claimed is a liquidated sum or capable of mathematical calculation." *E.g., Yoon Chul Yoo v. Arnold*, 615 Fed. Appx. 868, 870 (9th Cir. 2015). Courts can and do rely on provided sworn statements to calculate damages in cases of default. *Id.*

### II. DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT.

#### A.  Defendants' Liability for Unlawful Collection Practices

Plaintiff commenced this action after Defendants, debt collection attorneys acting on behalf of their client, filed a lawsuit against her and forced her to incur attorneys' fees defending that action. Plaintiff prevailed in the debt collection action after Defendants "withdrew" their complaint against her immediately after her retained counsel filed an answer.

Defendants' debt collection activities implicate the Fair Debt Collection Practices Act ("FDCPA") in several respects. Defendants falsely alleged in the underlying action that Plaintiff owed a "principal sum in the amount of $5,160.00." A ledger obtained from Defendants' client, Cambridge Estates Homeowners Association ("Cambridge Estates"), showed a balance of, at most, $2,330.00. Defendants inflated this balance by adding improper charges and unawarded attorneys' fees in an attempt to force Plaintiff, under threat of losing her home in a sheriff's sale, to pay substantially more than she actually owed. Defendants' similar tactics have been declared to be a "fraud on the court" in previous litigation he initiated on behalf of Cambridge Estates. *See* Exhibit 1.

2

In the *Ta* case, the Court found that Defendants added false "special assessments" to the owner's ledger to increase the balance owed. It also found that Defendants failed to account for payments and falsified a ledger to justify the inflated balances he claimed was owed. This was not the only case in which Defendants have engaged in such fraudulent tactics and it is believed this was a common practice that Defendants employed until it was exposed: filing foreclosure lawsuits after inflating the balances by adding false charges and removing payments. Upon information and belief, Defendants engaged in similar, if not identical, practices with respect to Plaintiff and her account. Defendants also regularly "withdraw" such complaints almost immediately after the defendant engages counsel to defend the lawsuit rather than attempt to defend the inflated amounts.

Although Defendants' tactical default in this case prevented Plaintiff from conducting discovery to conclusively show the above, the known facts fit the pattern established in numerous lawsuits and accounts reviewed by Plaintiff's counsel: Defendants receive Plaintiff's account from Cambridge Estates for collection, engage in little, to no, collection activity, but eventually file a foreclosure lawsuit in an amount more than double the balance owed. In the other cases reviewed where the owner did not obtain an attorney, Defendants sought (and in many cases obtained) default judgments utilizing ledgers that was not one he obtained from Cambridge Estates but rather ones he prepared himself that shows the inflated amounts that he passes off as the official ledger.

Defendants compounded his unlawful debt collection practices in this case by falsely representing to Plaintiff that, as of June 11, 2020, the current balance owed was $7,580.12. He conveyed this representation in a proposed settlement agreement drafted on June 11, 2020, just weeks after he filed the foreclosure lawsuit, in which he demanded that Plaintiff pay $1,895.00 down and $301.88 per month for 24 months. This totals $9,140.12. As the $301.88 includes future assessments of $65.00 per month, Defendants were representing that the amount actually owed as of June 11, 2020, was $7,580.12.

3

By making false and misleading representations in connection with debt collection activities and filing false pleadings, Defendants have violated the FDCPA. The Court has entered five prior judgments against Cannon for similar violations of the FDCPA. *Ta v.* 2:19-cv-03288-JJT (Doc. 17, Default Judgment); *Cannon, et al.*, *Robins v. Cannon, et al.*, 2:17-cv-03045 (Doc. 19, Order and Judgment filed 2/13/18.; *Calleja v. Cannon, et al.*, 2:15-cv-01120-NVW (Doc. 52, Stipulated Judgment); *Castro v. Cannon, et al.*, 2:16-cv-01617-SPL (Doc. 51, Order filed 2/6/17); *Pearson v. Cannon, et al.*, 2:16-cv-02721-DJH (Doc. 27, Stipulated Judgment); *Connelly v. Cannon, et al.*, 2:16-cv-04222-DMF (Doc. 15, Order filed 2/23/17). Thus, the demonstrated wrongdoing remains undeterred. No factors suggest that this default judgment is not appropriate.

The factors for consideration against a default judgment in *Eitel v. McCool* do not apply to the case at bar. In *Eitel*, there was substantial evidence of a settlement agreement between plaintiff and defendant, which would have resulted in the dismissal of the lawsuit. 782 F.2d 1470, 1472 (9th Cir. 1986). This settlement agreement, and the payment tendered pursuant to it, created confusion as to whether the claim had been resolved giving the defendant excusable neglect for failing to answer. *Id.* Additionally, defendant had filed a notice of appearance indicating his desire to be involved in the case. *Id.* at 1471. Here, none of those facts exist and the factors delineated in *Eitel* all support the entry of default judgment against Defendants Sean Cannon and Cannon Law Firm, PLLC. In fact, Mr. Cannon accepted service of the complaint in this action.

Accordingly, the Plaintiff requests the entry of default judgment by the Court pursuant to Rule 55(b)(2).

**A.    Actual Damages of $1,512.45.**

Damages awardable under the FDCPA are governed by 15 U.S.C. 1692k. Plaintiff incurred $1,240.00 in attorneys' fees and $272.45 in costs defending the Superior Court Action.[1] More precisely, Plaintiff retained counsel to review the complaint that Defendants had filed on behalf

---

[1] *See* attorneys' fees and costs reports from underlying case attached hereto as Exhibit 2.

4

of Cambridge Estates and draft a response for the same. These fees should be awarded against Defendants pursuant to 15 U.S.C. § 1692k(a)(1), which makes "any debt collector who fails to comply with any provision of this subchapter with respect to any person [] liable to such person in an amount equal to the sum of-- any actual damage sustained by such person as a result of such failure." Plaintiff's attorneys' fees and costs in the underlying action are "actual damages" she was forced to incur to avoid losing her house to foreclosure by virtue of Defendants' unfair collection practices.

Although Defendants withdrew the complaint upon receiving notification that Plaintiff had retained undersigned counsel, the fees and costs were nevertheless incurred. Notably, Defendants did not send a copy of his "Withdrawal of Complaint" to undersigned counsel via email, filed later the same day as Defendants' Notice of Appearance that he received by email, and Plaintiff's counsel filed an answer before receiving the "Withdrawal of Complaint."

### B.   Statutory Damages of $1,000.00.

15 U.S.C. § 1692k(a)(2)(A) allows additional statutory damages of up to $1,000.00. Plaintiff requests that she be awarded the full amount of statutory damages based on the pattern and practice of deceitful collection practices alleged in this action.

## III.   CONCLUSION.

For the reasons stated herein judgment should be entered in the principal amount of $2,512.45, which is comprised of $1,512.45 in actual damages and $1,000.00 in statutory damages. Upon entry of judgment, Plaintiff will apply for an award of attorneys' fees and costs incurred in bringing this action after judgment is entered. A proposed judgment is being submitted herewith.

. . .
. . .
. . .
. . .

DATED THIS 24 day of June 2021.

                              DESSAULES LAW GROUP

                              By: _____
                                  Jonathan A. Dessaules
                                  Jesse Vassallo López
                                  *Attorneys for Plaintiff*

SUBSCRIBED AND SWORN to or affirmed before me this 24 day of June 2021, by Jesse Vassallo López.

_____
Notary Public



VALERIE ANNE KENNEDY
Notary Public - Arizona
Maricopa Co. / #566776
Expires 08/01/2023

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmitted the same to the following non-CM/ECF registrants via First-Class Mail:

Sean Cannon, Esq.
CANNON LAW FIRM, PLLC
4300 N. Miller Road #110
Scottsdale, Arizona 85251

*/s/ Valerie Kennedy*